IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00733-SKC-KAS

CARLA HAVARD,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, and
DENVER POLICE DEPARTMENT,

    Defendants.

---

**DEFENDANT CITY AND COUNTY OF DENVER'S ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendant City and County of Denver ("Defendant"), by and through its undersigned attorneys, for its Answers to Plaintiff's Complaint (the "Complaint") (ECF #1), states as follows:

**PARTIES**

1. Defendant admits Plaintiff Carla Havard ("Plaintiff" or "Havard") began working for the City in the Denver Police Department ("DPD") in 1998, was promoted to Sergeant in 2012, is an individual, and a resident of Colorado.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION

4. To the extent Defendant is required to respond to the allegations in paragraph 4 of the Complaint, Defendant denies the allegations therein.

5. Defendant admits this Court has federal subject matter jurisdiction over this action in that the case arises under federal law, but denies any allegations in paragraph 5 of the Complaint regarding the alleged validity of Plaintiff's claims.

6. Defendant admits venue is proper in this Court but denies any allegations in paragraph 6 of the Complaint regarding the alleged validity of Plaintiff's claims.

## NATURE OF THE ACTION

7. To the extent Defendant is required to respond to the allegations in paragraph 7 of the Complaint, Defendant denies the allegations therein.

## FACTUAL ALLEGATIONS

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Denver Police Department was formed in order to maintain order in a mining camp. Defendant admits the remaining allegations contained in Paragraph 8.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was President of the Black Police Officers Organization from approximately November 2018 through August 2023.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant avers that the number of officers on a given Citywide Impact Team varied over time, and that during all relevant time periods there were several Citywide Impact Teams in the Denver Police Department, not just the one on which Plaintiff served. Otherwise, Defendant admits the allegations contained in Paragraph 11.

12.     Defendant admits that the Citywide Impact Teams of the Denver Police Department conducted the types of tasks identified in Paragraph 12, but denies that the specific Citywide Impact Team in which Plaintiff served as Sergeant completed all of these enumerated tasks in the time period in which she served as Sergeant.

13.     Defendant admits that Plaintiff reported to Commander Glenn West during a portion of the time in which she served as Sergeant on a Citywide Impact Team. Defendant denies the remaining allegations contained in Paragraph 13, and specifically denies that Plaintiff was discriminated against.

14.     Defendant admits that on or about April 2023, Plaintiff was appointed to the position of Division Chief of Administration Office, Community Ombudsman. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

Case No. 1:24-cv-00733-SKC-MEH   Document 14   filed 08/06/24   USDC Colorado
pg 4 of 18

15. Defendant admits that Plaintiff retired from her position with DPD in July 2023. Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant admits that throughout her career, Plaintiff has received commendations from the Denver Police Department and from community members. Defendant denies the remaining allegations contained in Paragraph 16.

17. Defendant admits that Plaintiff has spoken to media outlets. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 contain legal conclusions to which a response is not warranted. To the extent a response is necessary, the allegations are denied.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff spoke during a meeting of the Women's Collective on or about September 27, 2021. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Based on information and belief, Defendant admits Plaintiff spoke at the 2023 Colorado Womens' Bar Association. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits Plaintiff was placed on a Performance Improvement Plan ("PIP) on or about March 17, 2022. Defendant denies the remaining allegations contained in Paragraph 26.

27. Defendant admits that on August 10, 2022, Commander West met with Plaintiff and provided her with a memorandum regarding her progress in satisfying the PIP, and the memorandum correctly states that Plaintiff was, respectively, two, eighteen, and three minutes late for the first three meetings with Commander West after implementation of the PIP. Defendant further admits Plaintiff was given a journal entry for an email she sent on August 10, 2022, in which she not only declined to participate in a meeting, but replied to all twenty-three email recipients and inappropriately aired her personal grievances with the agency. Defendant denies the remaining allegations contained in Paragraph 27.

28. Defendant admits that Internal Affairs interviewed Plaintiff on or about April 13, 2022, and May 6, 2022. Plaintiff, however, was not a "witness;" she was interviewed because she was the "complainant," having complained that the March 2022 PIP was discriminatory, resulting in the mandatory initiation of the IA case and investigation. Defendant denies the remaining allegations contained in Paragraph 28.

29. Defendant admits the Lieutenant's exam provides a path to promotion. Defendant further admits Plaintiff took the Lieutenant's exam in 2022 and her performance on the exam placed her in the lowest possible ranking, 41st of 41 test-takers. Defendant denies the remaining allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant admits that in or around spring 2023, the Citywide Impact Team in which Plaintiff was Sergeant was dissolved, because all or nearly all of her subordinates requested and were granted transfers to other positions. Defendant denies the remaining allegations contained in Paragraph 32.

33. Defendant admits that after the Citywide Impact Team was dissolved, Plaintiff was given a position working directly for the Executive Director of Safety. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 33.

34. Defendant admits that on or about May 1, 2023, Plaintiff was notified that she was a subject officer in an Internal Affairs investigation, an investigation that she initiated on March 27, 2023 by complaining that her former Commander, Glenn West, was unprofessional and by naming several witnesses who did not corroborate her version of events. Defendant further admits that, as with any officer who is the subject of an active, ongoing IA case investigation, she was instructed not to discuss the subject-matter of the case. Defendant denies the remaining allegations contained in Paragraph 34, and expressly denies that the investigation or its standard, related instructions were in any way discriminatory or retaliatory.

35. Defendant admits that on or about May 23, 2023, IA notified Plaintiff that an additional specification had been added to the case and that shortly thereafter, she was placed on paid administrative leave. Defendant denies the remaining allegations contained in Paragraph 35, and expressly denies that the investigation or its standard, related instructions were in any way discriminatory or retaliatory.

36. Defendant denies the Denver Police Department has a "history of systemic racism." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37.

7

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 40.

41. Defendant denies the allegation in Paragraph 41 regarding the percentage of female DPD patrol officers in that the allegation is inconsistent with the information cited DPD Audit Report. Defendant admits the information represented in "Figure 11" accurately reflects DPD data as of July 2022 and 2021 population estimates from the U.S. Census Bureau.

42. Defendant denies the allegations in paragraph 42 to the extent they misrepresent or misinterpret the Audit Report.

43. Defendant admits that allegations contained in Paragraph 43.

44. Defendant admits a Women's Collective was held on or about September 27, 2021, and that at one of the Women's Collective meetings, a memorandum was circulated which contained allegations of discrimination. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 44.

45. Defendant admits Plaintiff has quoted from an unsubstantiated document containing information that was gathered from participants at or prior to

a Women's Collective Meeting in September of 2021. Defendant denies the content and veracity of the quoted allegations, and denies any remaining allegations contained in Paragraph 45.

46.  Defendant admits Plaintiff has quoted from an unsubstantiated document that was presented to participants for discussion purposes at a Women's Collective Meeting in September of 2021. Defendant denies the content and veracity of the quoted allegations, and denies any remaining allegations contained in Paragraph 46.

47.  Defendant admits Plaintiff has quoted from an unsubstantiated document that was presented to participants for discussion purposes at a Women's Collective Meeting in September of 2021. Defendant denies the content and veracity of the quoted allegations, and denies any remaining allegations contained in Paragraph 47.

48.  Defendant denies the allegations contained in Paragraph 48.

49.  Defendant admits that Plaintiff was placed on a PIP on or about March 17, 2022. Defendant denies the remaining allegations contained in Paragraph 49.

50.  Defendant denies the allegations contained in Paragraph 50.

51.  Defendant denies the allegations contained in Paragraph 51.

52.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53.

54. Defendant admits Plaintiff spoke during a meeting of the Women's Collective on or about September 27, 2021. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 54.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55.

56. Based on information and belief, Defendant admits that Plaintiff spoke at the 2023 Colorado Women's Bar Association. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 56.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58.

59. Defendant admits the allegations contained in Paragraph 59 and further admits that none of Plaintiff's complaints were substantiated or sustained.

60. - 69. **Defendant incorporates its response to the identically worded Paragraphs 26 -35.**

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant admits that Internal Affairs interviewed Plaintiff on or about April 13, 2022. Plaintiff was not a "witness;" she was interviewed because she was the "complainant," having complained that the March 2022 PIP was discriminatory, resulting in the initiation of the IA case and investigation. Defendant denies the remaining allegations contained in Paragraph 79.

80. Defendant admits that Plaintiff submitted a complaint to the Office of the Independent Monitor. Defendant denies the remaining allegations contained in Paragraph 80.

81. Defendant admits that Plaintiff was interviewed by Internal Affairs on or about May 6, 2022. Defendant denies the remaining allegations contained in Paragraph 81.

82. Defendant incorporates its response to the identically worded Paragraphs 29 and 63.

83. Defendant admits that on August 10, 2022, Commander West met with Plaintiff and provided her with a memorandum regarding her progress in satisfying the PIP, and the memorandum correctly states that Plaintiff was, respectively, two, eighteen, and three minutes late for the first three meetings with Commander West after implementation of the PIP. Defendant denies the remaining allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant admits that Plaintiff was given a journal entry for an email she sent on August 10, 2022, in which she not only declined to participate in a meeting, but replied to all twenty-three email recipients and inappropriately aired her personal grievances with the agency.

86. Defendant admits Plaintiff filed a Charge of Discrimination with the EEOC but states the Charge was dated August 25, 2022.

87. Defendant admits the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies that Plaintiff has suffered physical and emotional distress because of the actions of the Defendants. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

## VIOLATIONS ALLEGED

95. Defendant restates and incorporates its responses to paragraphs 1-94 as though fully set forth herein.

## FIRST CLAIM
### (Violation of the First Amendment as Incorporated in the Fourteenth Amendment to the U.S. Constitution)

96. Defendant admits the allegations contained in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

## SECOND CLAIM
### (Violation of Title VII)

100. Defendant admits the allegations contained in Paragraph 100.

101. Defendant denies the allegations contained in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

## THIRD CLAIM
### (Violation of the Fourteenth Amendment to the U.S. Constitution (Equal Protection)

103. Defendant admits the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

## PRAYER FOR RELIEF

To the extent that the section entitled "Prayer for Relief" and beginning with paragraph "A," including sub-paragraphs 1, 2 (I and II), 3, 4, and ending with paragraph "B", contain allegations to which Defendant is required to respond, Defendant denies all such allegations and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant denies all allegations in Plaintiff's Complaint that it did not specifically admit.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses without accepting any burden of proof on the matter and in the alternative, if necessary:

1. Plaintiff's claims fail, in whole or in part, for failure to state a claim upon which relief may be granted.

2. At all times, Defendant's actions were lawful, justified, and done in good faith.

3. Plaintiff's claims are barred, in whole or in part, by Defendant's good faith compliance with Title VII.

4. Any and all actions that Defendant took concerning Plaintiff was based on reasonable, legitimate, non-discriminatory reasons, and were consistent with reasonable business necessity.

5. Defendant cannot be held liable for any unlawful act of supervisors because Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm.

6. Defendant effectively promulgated and maintained policies prohibiting discrimination and retaliation and makes good faith efforts to prevent discrimination and retaliation in the workplace. Accordingly, Plaintiff is not entitled to recover liquidated or punitive damages.

7. Plaintiff's damages, if any, are the result of Plaintiff's own conduct.

8. The cause of Plaintiff's damages, if any, as alleged in the Complaint are wholly unrelated to, and were not proximately caused by, any alleged acts or omissions by Defendant.

9. Plaintiff has failed to mitigate her damages, if any.

10. All actions taken by Defendant complied with all constitutional and statutory obligations.

11. All or part of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted against Defendant.

12. Defendant may not be held liable on the basis of any vicarious liability or *respondeat superior* theory for any alleged violation of the United States Constitution.

13. Plaintiff cannot recover actual damages under multiple or different theories and causes of action for same or similar alleged acts.

14. Any and all compensatory, punitive and liquidated damages are subject to any and all limitations provided under federal and state law.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of this case.

WHEREFORE, Defendant respectfully requests that Plaintiff's claims be dismissed and/or judgment entered in Defendant's favor, that all relief requested by Plaintiff be denied, that all other relief be denied Plaintiff, and that Defendant be awarded its costs incurred in defending against this action.

Respectfully submitted this 6th day of August, 2024.

*s/ Kristin George*
Kristin George
Charles T. Mitchell
Denver City Attorney's Office
Employment and Labor Law Section
201 W. Colfax Ave., Dept. 1108
Denver, Colorado 80202

Telephone: (720) 913-3125
Facsimile: (720) 913-3182
E-mail:   Kristin.George@denvergov.org
              Charles.Mitchell@denvergov.org
              dlefiling.litigation@denvergov.org
*Attorneys for Defendant City and County of Denver and Denver Police Department*

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of August, 2024, a true and correct copy of the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jenipher R. Jones
A People's Legal Office – For the People
110 16th Street, Suite 1400, No. 1001
Denver, Colorado 80202
jenipherj@dolawllc.com
*Attorney for Plaintiff*

*s/ Kimberly Berridge*
Denver City Attorney's Office

18