IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00733-SKC-MEH

CARLA HAVARD,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER,

     Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference in this case was held on September 25, 2024, before the Chief

U.S. Magistrate Judge Michael E. Hegarty.  The following attorneys attended for the designated

parties:

Patricia S. Bangert
201 S. Cherry St., Ste. 1100
Denver, CO 80246
Telephone: (303) 947-5155
trish@pbangertlaw.com
*Attorney for Plaintiff*

Kristin George
Charles Mitchell
Denver City Attorney's Office
Employment and Labor Law Section
201 W. Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3125
Facsimile: (720) 913-3182
E-mail: Kristin.George@denvergov.org
charles.mitchell@denvergov.org
*Attorneys for Defendant*

### 2. STATEMENT OF JURISDICTION

The Court has original jurisdiction over the subject matter of these claims pursuant to 28

U.S.C. §1331, and 42 U.S.C. §1983.  Venue for this action properly lies in the District of Colorado

pursuant to 28 U.S.C. §1391(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.    *Plaintiff*:

Plaintiff Carla Havard ("Havard") served in the Denver Police Department for 25 years, rising to the rank of Sergeant.  Sergeant Havard retired from the Department in July of 2023. Sergeant Havard brings this case pursuant to 42 U.S.C. 1983 for violations of her rights set out in the First Amendment (as incorporated to the states under the Fourteenth Amendment), alleging primarily that the Defendant, City of Denver, acting as the Denver Police department retaliated against her for speaking out about matters of public concern. She also argues that the Defendant discriminated against her on the basis of her gender (female) and/or color (Black), as well as retaliating against her for opposing discrimination in violation of the Title VII of the Civil Rights Act of 1964.  Finally, Sergeant Havard alleges that Defendant violated her rights to equal protection and due process as set out in the Fourteenth Amendment to the U.S. Constitution. Underlying her discrimination and retaliation claims are the Defendants' actions in stereotyping her as an "angry black woman."

b.    *Defendant*:

Defendant denies that it discriminated or retaliated against Plaintiff.  Further, some of the actions alleged in the Complaint were not referenced in her Charge of Discrimination and are therefore barred by Plaintiff's failure to exhaust administrative remedies. Moreover, Plaintiff did not suffer any adverse action; she resigned from the Denver Police Department of her own accord, and therefore she also fails to state a claim for any economic damages.

## 4. UNDISPUTED FACTS

Plaintiff Havard is a Black female who joined the Denver Police Department (DPD) in April of 1998. Ms. Havard was also President of the Black Police Officers Organization ("BPO") from November 2018 to August of 2023. From September 20, 2018 to April of 2023, Ms. Havard was responsible for the supervision of one of several Citywide Impact Teams of the DPD, whose primary purposes were: (1) immediate public safety in the form of patrol efforts and (2) long-term community engagement. In April of 2023, Ms. Havard was placed in the position of Division Chief of Administration Office, Community Ombudsman. Ms. Havard retired from the DPD in July of 2023.

## 5. COMPUTATION OF DAMAGES

*Plaintiff:*

Sergeant Havard has suffered damages as follows:

1.    **Economic damages**:  Because of the actions of Defendant, Havard has suffered economic losses, including loss of wages and benefits both before and after her retirement. Specifically, Sergeant Havard had to take substantial leave because of her work conditions and has not been able to secure substantial employment for over a year because of the actions of Defendants.  She has also incurred substantial medical costs.  In addition, Sergeant Havard is incurring and will continue to incur substantial legal fees and costs.

2.    **Physical and emotional distress**:  Ms. Havard has suffered severe physical and emotional distress because of the actions of Defendants, including weight loss, insomnia, anxiety, loss of enjoyment of life, and hospitalization among other issues.

3.     **Reputational damages**: Sergeant Ms. Havard has suffered damages to her reputation professionally and personally because of the actions of Defendants.

4.     **Damages to constitutional rights**: Sergeant Havard has suffered damages because of the deprivation by a government entity of her basic constitutional rights.

*Defendant*:

Defendant is not seeking damages but will seek its costs if it prevails on a dispositive motion or at trial.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. CIV. P. 26(f)

a.     Date of Rule 26(f) meeting:

Defense counsel met with Plaintiff's prior counsel, Jeniper Jones, on August 26, 2024, and submitted a draft Scheduling Order to Magistrate Judge Starnella on September 5, 2024. Subsequently Magistrate Starnella recused herself from the case, Magistrate Judge Hegarty was appointed in her place, and Plaintiff obtained new counsel, Trish Bangert. Defense counsel conferred with Ms. Bangert on September 16, 2024.

b.     Names of each participant and party he/she represented.

Patricia S. Bangert
*Attorney for Plaintiff*

Kristin George
Charles Mitchell
Denver City Attorney's Office
*Attorneys for Defendant City and County of Denver*

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

       Rule 26(a)(1) disclosures will be made on or before September 18, 2024.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ.
P. 26(a)(1).

       None.

e.      Statement concerning any agreements to conduct informal discovery:

       The parties agree that a decision will be made on a case-by-case basis as to whether witness(es) will be examined in an informal joint interview(s), in order to save deposition costs to both parties.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

       The parties have agreed to a unified exhibit numbering system.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

       The parties anticipate their claims and defenses will involve electronically stored information.  The parties are aware of their respective document retention obligations and have adhered to maintaining their records to date and will continue to do so throughout the course of this case. The Defendant has a litigation hold in place and will provide privilege logs should they be required. The parties have not reached agreements at this point for asserting claims of privilege or protection as trial preparation materials after production of computer-generated records.  The parties anticipate working cooperatively to facilitate discovery of relevant

information, including preservation and production of electronically stored information and thereby reduce costs.

   h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff has indicated that she will provide Defendant with a settlement proposal and Defendant will review and respond as appropriate. Neither party is foreclosing the possibility of settlement discussions or possible mediation and/or alternative dispute resolution in the future.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None

b.     Limitations which any party proposes on the length of depositions.

Depositions will be taken in accordance with applicable rules.

c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree that each side will be limited to 25 requests for production and 25 requests for admission.

d.    Other Planning or Discovery Orders

Because the parties anticipate discovery of private and/or confidential documents, they anticipate discussing and requesting appropriate protective orders and/or medical releases.

**The Court**: Before filing a motion for an order relating to a discovery dispute, the movant must request a discovery conference with the Court by submitting an email, copied to all Parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend; D.C.COLO.MJ VI. The Court will determine at the conference whether to grant the movant leave to file the motion. D.C.COLO.MJ VI.

## 9. CASE PLAN AND SCHEDULE

a.    Deadline for Joinder of Parties and Amendment of Pleadings: **November 8, 2024.**

b.    Discovery Cut-off:

Fact discovery cut-off: **April 15, 2025**

Expert discovery cut-off: **April 15, 2025**

c.    Dispositive Motion Deadline: **May 27, 2025**

d.    Expert Witness Disclosures:

1.    The parties shall identify anticipated fields of expert testimony, if any.

*Plaintiff*: Experts in the medical field, and law enforcement practices. Plaintiff reserves the right to call other experts as may become necessary as a result of discovery.

*Defendant*:    Defendant anticipates designating an economic damages expert, as well as experts in any field identified by Plaintiff. Defendant reserves the right to call other experts as may become necessary as a result of discovery.

2.    Limitations which the parties propose on the use or number of expert witnesses.

Each party may designate up to three (3) experts, exclusive of rebuttal experts.

3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on as follows:

Plaintiff: **January 17, 2025**

Defendant: **February 14, 2025**

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**February 28, 2025**

e.    Identification of Persons to Be Deposed:

*Plaintiff*:  Plaintiff expects to depose the following:

a.    Glenn West

b.    Ronald Thomas

c.    Aaron Sanchez

d.    Megan Dodge

e.    Tyrone Campbell

f.    Mary Dulacki

g.    Any experts identified by Defendant

*Defendant:* Plaintiff and any experts identified by Plaintiff.

The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery, including any designated experts.

f.    Deadline for Interrogatories:

All written interrogatories must be submitted to the opposing party no later than 33 days before the end of discovery.

g.    Deadline for Requests for Production of Documents and/or Admissions

All requests for production and admissions must be submitted to the opposing party no later than 33 days before the end of discovery.

## 10. DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times:

_____.

b.    District Judge Crews presides over the Final Pretrial Conference which he combines with the Trial Preparation Conference. *See* Section D of District Judge Crews' Standing Order for Civil Cases. Judge Crews will set a conference date after the Dispositive Motion Deadline has passed and the Court has issued rulings on all such motions, or if no dispositive motions have been filed and the deadline is passed. The Parties' proposed Final Pretrial Order is due at least seven days before the combined Final Pretrial Conference/Trial Preparation Conference, and a Word version should also be emailed to Judge Crews' Chambers at crews_chambers@cod.uscourts.gov.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

        None.

b.      Anticipated length of trial and whether trial is to the court or jury.

        The parties anticipate a trial of seven (7) days because of the complexity of the issues presented in the pleadings.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

        None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.


DATED this 25th day of September, 2024.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
Chief United States Magistrate Judge